989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Dale SHERON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3921.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Steven Dale Sheron, a federal prisoner proceeding without benefit of counsel, appeals from the judgment of the district court dismissing his petition to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Steven Dale Sheron was charged in a four count information with (1) bank robbery; (2) use of a deadly weapon in the commission of a felony; (3) felon in possession of a firearm; and, (4) possession of a firearm which did not have a serial number. The parties entered a plea agreement whereby Sheron would plead guilty to count one of the information. In return, the government agreed to dismiss counts two through four. On June 26, 1985, Sheron, with counsel, entered a nolo contendere plea to count one of the information and was sentenced to a term of twenty-five years imprisonment, and was ordered to pay restitution in the amount of $10,000.00. On October 16, 1985, Sheron, by and through his counsel, filed a motion to reduce sentence pursuant to Fed.R.Crim.P. 35(b) applicable to offenses committed before Nov. 1, 1987. The district court denied the motion to reduce the term of imprisonment. However, the order of restitution was set aside.
 
 
 3
 In the instant § 2255 petition, Sheron raised three grounds for setting aside, vacating or reducing sentence. He alleged that the presentence investigation report contained inaccurate information; that he was denied effective assistance of counsel; and, that his nolo contendere plea was entered involuntarily.
 
 
 4
 The district court concluded that it was Sheron's responsibility to object to any alleged inaccuracies in the presentence report, United States v. Tooker, 747 F.2d 975, 978 (5th Cir.1984) cert. denied, 471 U.S. 1021 (1985), and that had there been any additional inaccuracies, Sheron could have and should have corrected them when he corrected the original report. Additionally, the court concluded that Sheron failed to establish that the alleged inaccuracies were material and that the sentencing court relied on the inaccuracies. The district court also concluded that Sheron was not denied effective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984), and that his nolo contendere plea was entered voluntarily and knowingly. See Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 5
 Upon review, we find no error. Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's opinion and order dated August 12, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.